## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENTERTAINMENT BY J & J, INC. | : | |
| Plaintiff, | : | |
| vs. | : | |
| FASONE, INC. d/b/a | : | |
| JASON'S SPORTS BAR a/k/a | : | CIVIL ACTION NO 02-3021 |
| CHRIS'S BAR & GRILL | : | |
| and | : | |
| CHRISTOPHER FASONE | : | |
| 2656 E. Ann Street | : | |
| Philadelphia, PA 19134 | : | |
| Defendants | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT

Plaintiff, ENTERTAINMENT BY J & J, INC., by and through its undersigned attorney, Howard

S. Klein, Esquire, sues the Defendants FASONE'S INC., and CHRISTOPHER FASONE

individually,  and for cause says:

### Jurisdiction

1.     This action arises under Section 705 of the Communications Act of 1934, as

amended, 47 U.S.C.  §§ 553 and 605.

2.     Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3.     Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this

district.

### Parties

4.     The Plaintiff, ENTERTAINMENT BY J & J, INC. , hereinafter referred to as

"ENTERTAINMENT BY J & J, INC." is a corporation organized and existing under the laws of the

State of California, with its principal office and place of business located in Santa Clara, California.

1

5.    The Defendant, FASONE'S INC. is a PENNSYLVANIA corporation authorized to and transacting business as "JASON'S SPORTS BAR a/k/a CHRIS'S BAR & GRILL " from its principal place of business located at 2656 E. Ann Street, Philadelphia, PA  19134.  The Corporation holds the liquor license.

6.    Defendant, CHRISTOPHER FASONE, is, upon information and belief, an officer of FASONE'S INC.

## Preliminary Background

7.    ENTERTAINMENT BY J & J, INC. entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the NOVEMBER 11, 2000 boxing match between LENNOX LEWIS and DAVID TUA, from the MANDALAY BAY RESORT & CASINO, IN LAS VEGAS, NEVEDA, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout PENNSYLVANIA (the "License Agreement"). ENTERTAINMENT BY J & J, INC. paid substantial fees for its license.

8.    ENTERTAINMENT BY J & J, INC. entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout PENNSYLVANIA.

9.    The closed-circuit broadcast of the Event was not intended for the use of the general public.  In PENNSYLVANIA, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by ENTERTAINMENT BY J & J, INC..

10.     Pursuant to the License Agreement, ENTERTAINMENT BY J & J, INC. marketed and distributed the closed-circuit rights granted to it.  ENTERTAINMENT BY J & J, INC., through its agents, contracted with various establishments throughout PENNSYLVANIA and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.     The transmission of the Event was electronically coded or "scrambled".  In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12.     The transmission of the Event was available to the Defendants to purchase for broadcast in JASON'S SPORTS BAR a/k/a CHRIS'S BAR & GRILL.  Had they done so, they would have been authorized to receive, transmit and publish the Event in JASON'S SPORTS BAR a/k/a CHRIS'S BAR & GRILL.  Defendants did not, however, contract with ENTERTAINMENT BY J & J, INC. or any of its agents, to obtain the rights to broadcast the Event.

13.     The establishments which contracted with ENTERTAINMENT BY J & J, INC. to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14.     On NOVEMBER 11, 2000, in violation of ENTERTAINMENT BY J & J, INC.'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event.  In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event.  The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within JASON'S SPORTS BAR a/k/a CHRIS'S BAR & GRILL.

15.     The Defendants misappropriated ENTERTAINMENT BY J & J, INC.'s licensed exhibition of the Event and infringed upon ENTERTAINMENT BY J & J, INC.'s exclusive rights

while avoiding proper payment to ENTERTAINMENT BY J & J, INC..  Defendants' actions were commited willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

16.    The Defendants enabled the patrons within JASON'S SPORTS BAR a/k/a CHRIS'S BAR & GRILL to view the Event to which neither the Defendants nor the patrons were entitled to do.

17.    The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by ENTERTAINMENT BY J & J, INC..

18.    The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

<u>COUNT I</u>

<u>VIOLATION OF 47 U.S.C. §553</u>

19.    **ENTERTAINMENT BY J & J, INC.** hereby incorporates the allegations set forth in Paragraphs 1 through 18  above as if the same were fully set forth and realleged herein.

20.    The Communications Act of 1934, as amended, 47 U.S.C.  § 553 ("Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1).

21.    The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 553.

22.    Section 553(c)(1)  provides that "[a]ny person aggrieved by any violation of

subsection (a)(1) of [§ 553] may bring a civil action in a United States District Court" to recover damages as described further in § 553(c).

23.    ENTERTAINMENT BY J & J, INC. is a person aggrieved by Defendants' violations of Section 553, and it is therefore authorized to institute this action against the Defendants to recover damages from the Defendants for their violations of Section 553 and their interference with ENTERTAINMENT BY J & J, INC.'s proprietary rights.

24.    As a result of the Defendants' wrongful acts, ENTERTAINMENT BY J & J, INC. is entitled to the statutory damages provided for in Section 553.

25.    Because of Defendants' wrongful actions, ENTERTAINMENT BY J & J, INC. is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, ENTERTAINMENT BY J & J, INC., requests that this Court enter judgment, jointly and severally, against Defendants, FASONE'S INC., and CHRISTOPHER FASONE, for:

(a)    Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

(b)    Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

(c)    Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)(C); and

(d)    Such other and further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF 47 U.S.C. § 605

26.    The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 25 of the Complaint.

27.    The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

28.    The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605.

29.    Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . . ." may bring a private cause of action against one who acts in violation of Section 605.

30.    By virtue of the License Agreement, ENTERTAINMENT BY J & J, INC. maintained proprietary rights in the intercepted communication of the Event.  Therefore, ENTERTAINMENT BY J & J, INC. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of Section 605 and their interference with ENTERTAINMENT BY J & J, INC.'s

proprietary rights.

31.     As a result of the Defendants' wrongful acts, ENTERTAINMENT BY J & J, INC. is entitled to the statutory damages provided for in Section 605.

32.     Because of Defendants' wrongful actions, ENTERTAINMENT BY J & J, INC. is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, ENTERTAINMENT BY J & J, INC., requests that this Court enter judgment, jointly and severally, against the Defendants, FASONE'S INC. and CHRISTOPHER FASONE, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c)   Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d)   Such other and further relief as the Court deems just and proper.

Date:   May 20, 2002

_____
HOWARD S. KLEIN, ESQUIRE
Identification #08852
1315 Walnut Street, Suite 1200
Philadelphia, PA   19107
(215)546-0310
(215)546-6338